**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

**IN RE:** **CASE NO. 15-20100**

**BEER HOUSE DISTRIBUTORS, INC.** **CHAPTER 7**

**Judge Tracey N. Wise**

# MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. 363(f)

COMES NOW L. Craig Kendrick, Trustee in Bankruptcy, (the "Trustee"), and pursuant to 11 U.S.C. 363(f), seeks an order allowing him to convey all right, title, and interest which the bankruptcy estate may possess in certain litigation described as the Sisson Litigation and the Strauss Litigation to Mary S. Kenney, free and clear of all liens, claims and interests, as part of a proposed compromise under Rule 9019.

**Background.**

The Debtor filed its voluntary Chapter 7 Bankruptcy on January 29, 2105. On that same day, Mary S. Kenney, the Debtor's principal, "Kenney", filed a personal Chapter 11, *In re Kenney,* Case No. 15-20101, Bankr. E.D. Ky. Prior to the bankruptcies, Kenney and the Debtor had been co-defendants in a lawsuit styled, *Sisson, et al. v. Kenney, et al.*, Case No. 12-cv-73, E.D. Ky., (the "Sisson Litigation"). The subject matter of the Sisson Litigation involved a claim by Charles Sisson[1] that he was a partial owner of the Debtor and was entitled to a share of the proceeds generated by the Debtor's sale of substantially all of its assets. Kenney disagreed and the matter proceeded to trial. On January 15, 2015, the District Court entered an opinion and judgment finding Sisson was entitled to $1,012,263.00 from Kenney and the Debtor. Kenney and the Debtor appealed that decision and then promptly filed bankruptcy.

1 Charles Sisson passed away after the bankruptcies were filed and his claims are now being administered by his spouse Maralee Sisson and his living trust.

The Trustee, through counsel, entered his appearance in the appeal before the United States Court of Appeals for the Sixth Circuit, *In re: Sisson, et al., v. Kenney et al.,* Case No. 15-5100/15-5171. The briefing schedule for the appeal has been stayed and the Trustee has submitted periodic status reports to the Court of Appeals.

Much discovery was taken of both Kenney and the Debtor. Prior to confirmation of her Chapter 11 Plan, Kenney and Sisson reached a settlement which resulted in payments to Sisson and a dismissal of Kenney's personal bankruptcy. It is believed that all cash payments due Sisson under said settlement agreement have been paid to Sisson or his successors. In addition to the cash payments, Kenney agreed to dismiss the Circuit Court Appeal on behalf of herself. The appeal is still pending as to the Debtor.

Some time after settling up with Sisson in her personal capacity, Kenney sought and retained counsel regarding whether she possessed any claim for professional malpractice against one or both of the firms that advised her and the Debtor during the Sisson dispute. She subsequently filed suit against one former law firm, Strauss Troy Co., LPA, (the "Strauss Litigation"), and reached a non-cash settlement with the other, Keating Muething and Klekamp, PLL[2], ("KMK"). Both Strauss and KMK had represented the Debtor at the same time of their respective representations of Kenney.

Shortly after the Strauss Litigation was filed, the Trustee was contacted by Kenney's counsel in that matter to inquire whether the bankruptcy estate claimed any interest in Strauss Litigation. The Trustee reviewed the Strauss Litigation and determined that while the Debtor may have an interest in the Strauss Litigation, the expected costs and delay associated with prosecuting any claim outweighed any potential recovery to the Estate. Accordingly, the Trustee and Kenney negotiated a transfer of any interest the Debtor may have in the Strauss Litigation. The Trustee has contemporaneously filed a Motion to Compromise Controversy Pursuant to Rule 9019, (the "Compromise Motions"), CM/ECF Docket No. 77. A true and correct copy of the proposed Settlement Agreement is attached to the

2 The bankruptcy estate reached a separate settlement with KMK which was approved by an order entered June 30, 2017, CM/ECF Docket No. 73. Under the agreement, KMK agreed to reduce its proof of claim significantly thereby increasing all other creditors proportional share in any distribution made by the Trustee.

Compromise Motion. This Motion to Sell is brought pursuant to said proposed Agreement.

**The Sale.**

The Trustee seeks authority to convey all right, title and interest in both the Sisson Litigation and the Strauss Litigation to Mary S. Kenney pursuant to the proposed Settlement Agreement. As set forth in the Settlement Agreement, Kenney would in turn make reductions to her proofs of claims which would enhance the potential distributions to other creditors. The Trustee has been unable to solicit any higher bids for the litigation rights and believes that no greater sale price is likely.

The Trustee is unaware of any other party or entity possessing a competing claim to the bankruptcy estate's rights in the litigation to be conveyed. Accordingly, the sale meets the requirements of section 363(f)(1)-(5). The Trustee believes that the proposed sale to Ms. Kenney is in good faith, and that the purchaser should be entitled to the protections of section 363(m).

WHEREFORE, the Trustee requests an order allowing him to convey all right, title and interest of the bankruptcy estate in the Sisson Litigation and the Strauss Litigation to Mary S. Kenney pursuant to the terms of the proposed Settlement Agreement.

Respectfully submitted,

/s/ Michael B. Baker

Michael B. Baker, KY Bar No. 91890
THE BAKER FIRM, PLLC
301 W. Pike Street
Covington, KY 41011
(859) 647-7777
Fax: (859) 647-7799
mbaker@bakerlawky.com

## NOTICE

Please take notice that unless written objection is filed within 21 days from the date of this notice, the Court may enter an order granting the relief requested without further hearing. Any objection shall be filed in writing with the United States Bankruptcy Clerk, P.O. Box 1111, Lexington, Kentucky 40588. Any objection filed shall be set for hearing before the United States Bankruptcy Court at the next available motion docket at 35 W. 5th St., Covington, KY 41011.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Sell Assets Pursuant to 11 U.S.C. 363(f), was served (i) electronically on the date of filing through the court's ECF system on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary mail, postage pre-paid, on the date of filing, October 16, 2017, the United States Trustee, the Debtor, and all parties listed on the Court's mailing matrix.

/s/ Michael B. Baker
Michael B. Baker (91890)
THE BAKER FIRM, PLLC